THE UNTIED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.

| | |
|---|---|
| RONALD JORDAN, ROBERT McKAY, and THE MBTA POLICE PATROLMAN'S UNION; *Plaintiffs*, <br><br> v. <br><br> JOSEPH C. CARTER, Individually and as Chief of the MBTA Police Department, and THE MBTA POLICE DEPARTMENT *Defendants.* | COMPLAINT <br><br> 04-10927 RGS <br><br> MAGISTRATE JUDGE Alexander <br><br> RECEIPT # 55790 <br> AMOUNT $ 150 <br> SUMMONS ISSUED ✓ <br> LOCAL RULE 4.1 <br> WAIVER FORM <br> MCF ISSUED <br> BY DPTY CLK <br> DATE 5-10-04 |

## I. INTRODUCTION

The Plaintiffs bring this action pursuant to 42 U.S.C. Sec 1983 and M.G.L. ch 231A seeking declaratory and injunctive relief, as well as damages against the MBTA Police Department, its Chief in his official (collectively "MBTA"), and individual capacities ("Carter"). Plaintiffs allege that the defendants have violated plaintiffs' First Amendment Rights of Free Speech and Freedom of Association by disciplining them and causing financial hardship after illegally searching and analyzing recorded telephone conversations between other officers and superiors.

Plaintiffs seek equitable relief, damages, attorney's fees, and cost for the unlawful disciplinary actions by the defendants.

## II. PARTIES

1. Plaintiff, Ronald Jordan in Charlestown Massachusetts and is employed by the MBTA police department as a Patrolman

2. Plaintiff, Robert McKay resides in Waterboro Maine and is employed by the MBTA police department as a Patrolman.

3. Plaintiff MBTA Police Patrolman's Union ("Union") is a labor union that represents the interests of all of the MBTA Police Patrolman; their business address is 147 West Fourth Street, South Boston, Massachusetts 02127.

4. Joseph C. Carter is the Chief of Police at the MBTA Police Department. In that capacity, pursuant to M.G.L. ch. 31, he is the appointing authority and responsible with the overall administration of the MBTA Police Department. Defendants' principal place of business is 240 Southampton Street, Boston Massachusetts 02118. He is sued in both his official and individual capacity.

### III. FACTS

5. Plaintiffs Ronald Jordan, Robert McKay, and others represented by the plaintiff Union are employed as Police Patrolman by the Defendant MBTA.

6. Plaintiffs Ronald Jordan, Robert McKay, and others represented by the plaintiff Union were effectively suspended with pay as their daily assignment is to be confined to their respective homes during their normal shift. They do not have the ability to obtain any overtime hours.

7. In April of 2004 the plaintiffs received a notice of a hearing to determine if there is just cause to the discharged, demoted, suspended or otherwise discipline in regard to their employment as an MBTA Police officer. The alleged volitions occurred over a recorded Police Department telephone line.

8. The conversations in question pertain to, *inter alia*:
   a. Requesting CORI records;
   b. Discussing the Patrolman's displeasure with the Deputy Chief and the management of the MBTA Police Department;
   c. Discussing the Patrolman's concern of the Chief's absenteeism, referring to the Chief as "No Show Joe";
   d. Discussing safety issues concerning the Dudley MBTA Station.

9. These conversations were recorded over the MBTA's recorded telephone system.

10. The intention of the recording system is a legitimate business purpose; to maintain the efficiency, safety, and sound maintenance record keeping of a mass transit system.

11. The illegal searching and analyzing of the recorded phone conversations of the plaintiffs was arbitrary and did not serve a legitimate business purpose.

12. MBTA Police department Manual Chapter 181, Section 6.1 acknowledged by the Defendant Carter, concerning telephone recordings states in part: "These recordings will be available ONLY for investigative purposes or when requested by the MBTA Legal Department or court order."

13. Defendant Carter personally disciplined and caused damages to the plaintiffs because of their criticism of his job performance and the job performance of his deputies.

14. Plaintiffs have suffered substantial emotional distress as a direct result of the defendant's actions.

15. Solely as a consequence of the plaintiffs' protected speech, they have been disciplined and have suffered monetary loss and severe emotional distress.

## IV. CLAIMS FOR RELIEF FOR ALL PLAINTIFFS

### COUNT I

16. The plaintiffs repeat and reallege paragraphs 1 through 15 as if fully set forth herein.

17. The restrictions placed on plaintiffs Ronald Jordan, Robert McKay, and others represented by the plaintiff Union are considered disciplinary and are in violation of their due processes rights provided in the Constitution of this Commonwealth.

### COUNT II

18. The plaintiffs repeat and reallege paragraphs 1 through 17 as if fully set forth herein.

19. The restrictions placed on plaintiffs Ronald Jordan, Robert McKay, and others represented by the plaintiff Union are considered disciplinary and are in violation of their due processes rights provided in the Constitution of The United States.

## COUNT III

20. The plaintiffs repeat and reallege paragraphs 1 through 19 as if fully set forth herein.

21. Plaintiffs were disciplined in violation of their right of freedom of speech under the Constitution of this Commonwealth.

## COUNT IV

22. The plaintiffs repeat and reallege paragraphs 1 through 21 as if fully set forth herein.

23. Plaintiffs were disciplined in violation of their right of freedom of speech under the Constitution of The United States.

## COUNT V

24. The plaintiffs repeat and reallege paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiffs were disciplined in violation of their right of freedom of association under the Constitution of this Commonwealth.

## COUNT VI

26. The plaintiffs repeat and reallege paragraphs 1 through 25 as if fully set forth herein.

27. Plaintiffs were disciplined in violation of their right of freedom of association under the Constitution of The United States.

## COUNT VII

28. The plaintiffs repeat and reallege paragraphs 1 through 27 as if fully set forth herein.

29. The defendants intended to inflict extreme emotional distress upon the plaintiffs.

30. The defendants' conduct was and continues to be illegal, extreme and outrageous.

31. This conduct has caused extreme emotional distress on the part of the plaintiffs.

WHEREFORE, plaintiffs respectfully request that this Honorable Court:

1. Issue a declaratory judgment that The MBTA Police Department unlawfully disciplined the plaintiffs through the improper use of the recorded telephone conversations;

2. Enter an Injunction restraining the defendants from unlawfully listening to taped telephone conversations and punishing patrolmen from the fruit of these recordings;

3. Enter judgment against the individual defendant in an amount to be determined by this Court, plus interest thereon;

4. Enter judgment against the defendants for plaintiffs' costs, plus reasonable attorney's fees; and

5. Grant such other and further relief as it deems just and proper.

For the Plaintiffs

William E. Compbell
Campbell Bonenfant & Associates
8 Winchester Place, Suite 204
Winchester Massachusetts 01890
781-729-4489
BBO# 646307

Michael E. Bonenfant
Campbell Bonenfant & Associates
8 Winchester Place, Suite 204
Winchester Massachusetts 01890
781-729-4489
BBO# 645892