UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT JORDAN, ROBERT McKAY, and THE MBTA POLICE PATROLMAN'S UNION,<br><br>Plaintiffs,<br><br>vs.<br><br>JOSEPH C. CARTER, individually and as Chief of the MBTA Police Department, and THE MBTA POLICE DEPARTMENT,<br><br>Defendants. | Civil Action No. 04-10927-RGS |

# DEFENDANTS' OPPOSITION TO REQUEST FOR DEFAULT AND MOTION FOR EXTENSION OF TIME

Pursuant to Fed. R. Civ. P. 55(c), defendants Joseph C. Carter and the Massachusetts Bay Transportation Authority ("MBTA") Police Department (together, "defendants") hereby respectfully oppose plaintiffs' request for entry of default and move for an extension of time through July 9, 2004 to answer or otherwise respond to the Complaint in this matter.

BACKGROUND

This action was filed on May 10, 2004, and plaintiffs allege that they served the defendants on May 12, 2004. Due either to inadvertence or misfiling, the matter did not promptly come to the attention of officials in the MBTA's Office of General Counsel. Undersigned counsel was retained yesterday, June 22, 2004. Plaintiff apparently requested entry of default on June 17, 2004, although no such request nor any default is yet noted on the docket in this matter. In any case no default judgment has entered, nor has any hearing been scheduled for that purpose.

/32478/2/554658v1
06/08/04-BOS/

Undersigned counsel, upon being retained, attempted to contact plaintiffs' counsel for the purpose of determining whether plaintiffs' counsel would assent to an extension of time and to withdraw the request for default, pursuant to Local Rule 7.1(A)(2).[1]  As of the time this opposition and motion were filed, the undersigned was not able to reach plaintiffs' counsel, and because there apparently is a request for default pending before the Court, the defendants elected to file this motion immediately.

ARGUMENT

Under the Federal Rules of Civil Procedure, a default and a default judgment are two separate events.  The first, a default, may be entered by the Clerk, and is little more than an acknowledgement that no response to the Complaint has been filed within the time period permitted by the Rules.  See Fed. R. Civ. P. 55(a).  A default judgment may be entered as a second step, and where (as here) the amount sought by the plaintiff is unliquidated, default judgment may only enter after a hearing.  Fed. R. Civ. P. 55(b).  Rule 55(c) establishes separate standards to excuse a default, as to which "good cause" is the only requirement, and to set aside a default judgment, as to which the standards of Rule 60(b) apply.  In this case, neither a default nor a default judgment has entered, and at most the more lenient of the two standards of Rule 55(c) applies in determining whether the defendants should be granted additional time to answer or otherwise defend.

This Court "enjoy[s] broad discretion in deciding motions to set aside entry of default under Rule 55(c)."  Gorski v. Dept. of Corrections, 204 F.R.D. 23, 24 (D.N.H. 2000) (citing Sea-Land Service, Inc. v. Ceramica Europa II, Inc., 160 F.3d 849, 851 (1st Cir.1998).  Among other things, Rule 55(c)'s "good cause" requirement permits the Court to consider such factors as

---

[1] On June 22, 2004, upon being retained in this matter, undersigned counsel called the telephone number listed on plaintiffs' pleadings (781-729-4489) and reached a recording stating that the number had been disconnected.  A call to the 800 number listed on plaintiffs' counsel's letterhead (800-522-9522) was not answered.  On June 23, 2004, counsel tried the 781 number again, and this time was connected to a voice mail system, where counsel left a message indicating that he represented the defendants and sought an extension of time.  That voice mail system also listed another number (781-306-0800), which defense counsel also called, but that number rang and was not answered.  As of the time this motion was filed, on the afternoon of June 23, 2004, plaintiffs' counsel had not returned the call to the voice mail system.

/32478/2/554658v1
06/08/04-BOS/

"whether the default was willful, whether setting it aside would prejudice the adversary, and whether the movant has presented a meritorious defense." Id.; see Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989) (listing and reviewing these three factors). We review each of these three factors in the context of this case.

    1.    The defendants' failure to respond to the Complaint to date was not the product of any willful defiance but of inadvertence. Defendants fully intend to appear and to address the claims asserted by the plaintiffs herein on the merits. See, e.g., Coon, 867 F.2d at 77 (reversing district court's refusal to set aside default where failure to respond to complaint was "merely negligent").

    2.    Plaintiffs will not be prejudiced by permitting the defendants until July 9, 2004 to answer or otherwise respond to the Complaint. If that request is granted, defendants will have responded to the Complaint within 60 days of its filing. That is not materially longer than the 20-day period normally granted; in fact, the Federal Rules of Civil Procedure grant defendants 60 days to respond when service is made through a request for waiver of service of summons under Rule 4(d) rather than by service of a summons itself. Defendants' request does not significantly extend the schedule for resolving this matter. See, e.g., Coon, 867 F.2d at 77 (finding no prejudice despite the passage of a year since service, where "[p]laintiff does not claim that witnesses have died, that memories have dimmed beyond refreshment, that some discovery scheme has been thwarted, or that evidence has been lost").

    3.    Defendants have meritorious defenses that the Court should have an opportunity to consider. This third factor does not require defendants to show a likelihood of success on the merits, but rather only "plausibly [to] suggest the existence of facts which, if proven at trial, would constitute a cognizable defense." Coon, 867 F.2d at 77. Among other things, defendants intend to prove that any discipline about which the plaintiffs complain was imposed for just cause, including the criminal conduct of the plaintiffs in requesting Criminal Offender Record Information for illegitimate purposes in violation of Mass. Gen. L. c. 6, §178, and that their motives in imposing discipline on the plaintiffs were entirely lawful.

For all of the foregoing reasons, defendants respectfully request that the Court set aside any default (though none had entered as of the time this opposition was filed) and permit the defendants until Friday, July 9, 2004 to answer or otherwise respond to the Complaint in this matter.

Respectfully submitted,

MBTA POLICE DEPARTMENT
JOSEPH C. CARTER

By their attorneys,

/s/Mark W. Batten
Mark W. Batten, BBO #566211
PROSKAUER ROSE LLP
One International Place, 14th Floor
Boston, MA 02110
(617) 526-9850

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by first-class mail, postage prepaid, this 23rd day of June, 2004.

/s/Mark W. Batten
Mark W. Batten