UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT JORDAN, ROBERT McKAY, and THE MBTA POLICE PATROLMAN'S UNION,<br><br>Plaintiffs,<br><br>vs.<br><br>JOSEPH C. CARTER, individually and as Chief of the MBTA Police Department, and THE MBTA POLICE DEPARTMENT,<br><br>Defendants. | Civil Action No. 04-10927-RGS |

## ANSWER

Defendants Joseph C. Carter and the Massachusetts Bay Transportation Authority ("MBTA") Police Department (together, "defendants"), through their undersigned counsel, answer the Complaint in this matter as follows.

The first two unnumbered paragraphs of the Complaint set forth a characterization of this action to which no response is required. To the extent an answer may be deemed required, defendants deny these allegations, and specifically deny that plaintiffs are entitled to any relief.

1.      In response to the allegations of Paragraph 1, defendants admit that plaintiff Ronald Jordan is employed by the MBTA as a Patrolman, and deny the remaining allegations.

2.      Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore deny them, except to admit that plaintiff Robert McKay is employed by the MBTA as a Patrolman.

3.      Defendants deny the allegations of Paragraph 3 except to admit that the Union maintains an office at the address alleged.

4. Defendants admit the allegations of the first and third sentences of Paragraph 4. The second sentence sets forth a conclusion of law, and the fourth sentence a characterization of this action, as to both of which no response is required; if an answer may be deemed required, defendants deny these allegations.

5. Defendants admit the allegations of Paragraph 5.

6. Defendants deny the allegations of the first sentence of Paragraph 6, and admit the allegations of the second sentence.

7. Defendants deny the allegations of the first sentence of Paragraph 7, except to admit that plaintiffs Jordan and McKay received hearing notices related to disciplinary action. Defendants deny the allegations of the second sentence, except to admit that recorded telephone conversations are among the evidence supporting discipline of plaintiffs Jordan and McKay.

8. Defendants deny the allegations of Paragraph 8, except to admit that plaintiffs Jordan and McKay requested "CORI records" for improper purposes.

9. Defendants deny the allegations of Paragraph 9 except to admit that certain conversations to which Jordan and/or McKay were party were recorded, pursuant to the MBTA's standard policies and procedures.

10. Defendants deny the allegations of Paragraph 10 except to admit that the recording system is used for legitimate business purposes.

11. Defendants deny the allegations of Paragraph 11.

12. Paragraph 12 contains a partial quotation from a document, to which no response is required; to the extent an answer may be deemed required, defendants deny the allegations of Paragraph 12 and refer the Court to the document for a full and accurate statement of its contents.

13. Defendants deny the allegations of Paragraph 13.

14. Defendants deny the allegations of Paragraph 14.

15. Defendants deny the allegations of Paragraph 15.

16. In response to the allegations of Paragraph 16, defendants incorporate by reference their responses to the preceding paragraphs.

17. Defendants deny the allegations of Paragraph 17.

18. In response to the allegations of Paragraph 18, defendants incorporate by reference their responses to the preceding paragraphs.

19. Defendants deny the allegations of Paragraph 19.

20. In response to the allegations of Paragraph 20, defendants incorporate by reference their responses to the preceding paragraphs.

21. Defendants deny the allegations of Paragraph 21.

22. In response to the allegations of Paragraph 22, defendants incorporate by reference their responses to the preceding paragraphs.

23. Defendants deny the allegations of Paragraph 23.

24. In response to the allegations of Paragraph 24, defendants incorporate by reference their responses to the preceding paragraphs.

25. Defendants deny the allegations of Paragraph 25.

26. In response to the allegations of Paragraph 26, defendants incorporate by reference their responses to the preceding paragraphs.

27. Defendants deny the allegations of Paragraph 27.

28. In response to the allegations of Paragraph 28, defendants incorporate by reference their responses to the preceding paragraphs.

29. Defendants deny the allegations of Paragraph 29.

30. Defendants deny the allegations of Paragraph 30.

31. Defendants deny the allegations of Paragraph 31.

The remainder of the Complaint constitutes plaintiffs' prayer for relief, to which no response is required. Defendants specifically deny that plaintiffs are entitled to any relief whatsoever.

Defendants deny all allegations of the Complaint not otherwise answered above.

BNLIB1 3032v1

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim as to which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Any discipline imposed on the plaintiffs or that is imposed as a result of pending disciplinary proceedings was undertaken for legitimate reasons.

### THIRD AFFIRMATIVE DEFENSE

Any recording of telephone conversations, and any use of those recordings by the defendants, was undertaken for legitimate reasons.

### FOURTH AFFIRMATIVE DEFENSE

If the plaintiffs have suffered any injury, which defendants deny, such injury is the result of plaintiffs' own acts or omissions.

### FIFTH AFFIRMATIVE DEFENSE

If the plaintiffs have suffered any injury, which defendants deny, such injury is the result of the acts or omissions of third parties.

### SIXTH AFFIRMATIVE DEFENSE

The comments which plaintiffs allege they made did not involve matters of public concern.

### SEVENTH AFFIRMATIVE DEFENSE

The defendants' interest in promoting lawful, efficient, and effective performance of the public services provided by defendants outweighs any interest of the plaintiffs in making the statements alleged.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants would have taken the same action against plaintiffs whether or not they made the statements alleged.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' request for equitable relief is barred by their unclean hands.

TENTH AFFIRMATIVE DEFENSE

Plaintiffs had no reasonable expectation of privacy in the telephone calls alleged.

WHEREFORE, defendants respectfully request that the Complaint be dismissed with prejudice.

           Respectfully submitted,

           MBTA POLICE DEPARTMENT
           JOSEPH C. CARTER

           By their attorneys,

           /s/Mark W. Batten
           Mark W. Batten, BBO #566211
           PROSKAUER ROSE LLP
           One International Place, 14th Floor
           Boston, MA 02110
           (617) 526-9850

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by first-class mail, postage prepaid, this 9th day of July, 2004.

           /s/ Mark W. Batten
           Mark W. Batten