UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RONALD JORDAN, ROBERT McKAY, and THE MBTA POLICE PATROLMAN'S UNION,<br><br>     Plaintiffs,<br><br>vs.<br><br>JOSEPH C. CARTER, individually and as Chief of the MBTA Police Department, and THE MBTA POLICE DEPARTMENT,<br><br>     Defendants. | Civil Action No. 04-10927-RGS |

### DEFENDANTS' MOTION TO AMEND THEIR ANSWER

  Defendants, the Massachusetts Bay Transit Authority Police Department (the "Department") and its Chief, Joseph C. Carter ("Chief Carter"), respectfully request leave to amend their Answer to add an Eleventh Affirmative Defense. This proposed additional defense would make explicit defendants' reliance on the doctrine of qualified immunity to bar plaintiffs' claims against Chief Carter in his individual capacity.

  Leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. p. 15(a). There is no reason to deny the defendants permission to amend their Answer as proposed.

  In particular, plaintiffs will not suffer any prejudice from allowance of the amendment. Discovery has not yet commenced beyond exchange of initial disclosures pursuant to Fed. R. Civ. P. 26(a), so the plaintiffs have not conducted discovery under any misunderstanding of defendants' position. Further, the defense is not entirely novel; it was subsumed in the First Affirmative Defense stated in the Answer, which alleges

that plaintiffs' complaint fails to state a claim as to which relief may be granted. Allowance of the amendment merely adds detail to a defense that has already been pleaded. And if there were any lingering doubt about defendants' position, it is eliminated by the detailed statement in defendants' motion for judgment on the pleadings, filed contemporaneously with this motion.

Finally, allowance of the amendment would not permit defendants to resurrect a defense that otherwise has been waived; the defense has not been waived, for two reasons. First, as noted above, the qualified immunity issue was preserved by the First Affirmative Defense already pleaded. Second, qualified immunity may be raised in the answer, in a motion under Rule 12, in a summary judgment motion pursuant to Rule 56, or at trial. See, e.g., Skrtich v. Thompson, 280 F.3d 1295, 1306 (11th Cir. 2002). Thus, for example, in Anthony v. City of New York, 339 F.3d 129, 138 n.5 (2d Cir. 2003), the Second Circuit found no waiver when qualified immunity was first raised in a summary judgment motion, reasoning that the motion could be construed sua sponte as a motion to amend the answer, which should be granted absent a showing of "bad faith or undue prejudice."

There is neither bad faith nor undue prejudice here, where defendants merely seek to make explicit a defense that has been present in the case from the outset, and do so early in the case, when no discovery has been conducted, several months remain in the scheduled discovery period, and the details of the defense being offered by amendment are spelled out in an accompanying motion for judgment.

## CONCLUSION

For all of the foregoing reasons, defendants' motion to amend the answer should be granted, and defendants should be permitted to file the proposed amended answer submitted herewith.

6880/49623-001  BNLIB1/6777v1

Respectfully submitted,

MBTA POLICE DEPARTMENT
CHIEF JOSEPH C. CARTER

By their attorneys,

/s/ Mark W. Batten_____
Mark W. Batten
PROSKAUER ROSE LLP
One International Place, 14th Floor
Boston, MA 02110
(617) 526-9850

Dated: November 3, 2004

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record, either through the electronic filing process or by first-class mail, postage prepaid, this 3rd day of November, 2004.

/s/Mark W. Batten_____
Mark W. Batten