UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CA NO. 04-10927-RGS

RONALD JORDAN, ROBERT
MCKAY, and MBTA POLICE
PATROLMAN'S UNION,
    Plaintiffs,

v.

JOSEPH C. CARTER, Individually
and as Chief of the MBTA Police
Department, and MBTA POLICE
DEPARTMENT,
    Defendants.

## PLAINTIFFS' SUR REPLY TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

### I.    INTRODUCTION

The plaintiffs, pursuant to L.R. 7.1(B)(3), request leave of court to submit their sur reply in opposition to the defendants' motion for judgment on the pleadings. The plaintiffs' submission is in response to several items raised in the defendants' reply brief.

### II.    ARGUMENT

    A.    **The Plaintiffs' Statements Concerning the Management and Operation of the MBTA Police Department Involved Matters of Public Concern**

The defendants have gone to great lengths to mis-characterize the plaintiffs' statements in order to fit neatly within their line of cases in support of their motion for judgment on the pleadings. As the Court is aware, "in evaluating whether the allegedly expressive conduct brings the First Amendment into play, the Supreme Court has focused on the context in which the conduct took place, asking 'whether [a]n intent to convey a particularized message was present, and [whether] the

likelihood was great that the message would be understood by those who perceived it.'" Meaney v. Dever, 326 F.3d 283 (1st Cir. 2003); quoting Texas v. Johnson, 491 U.S. 397 (1989). The Courts of Appeals have adopted various approaches for determining whether a topic of employee speech is of "public concern" under the "threshold inquiry" required by Connick v. Myers. Some courts have adopted a content-based analysis, focusing exclusively on "which information is needed or appropriate to enable the members of society to make informed decisions about the operation of their government. See e.g., McKinley v. City of Eloy, 705 F.2d. 1110 (9th Cir. 1983); Koch v. City of Hutchinson, 847 F.2d 1436, 1446 n. 17 (10th Cir. 1988). Other Courts have focused on an analysis which turns entirely or in part on the employee's subjective intent. Conaway v. Smith, 853 F.2d 789 (10th Cir. 1988); Terrell v. University of Texas System Police, 792 F.2d 1360 (5th Cir. 1986). In this Circuit, the Courts have recognized that "the circumstances of a particular case may govern the appropriate approach under Connick." O'Connor v. Steeves, 994 F.2d 905 (1st Cir. 1993). "Where a public employee speaks out on a topic which is clearly a legitimate matter of inherent concern to the electorate, the court may eschew further inquiry into the employee's motives as revealed by the "form and context" of the expression. O'Connor v. Steeves, 994 F.2d 905 (1st Cir. 1993); quoting Brasslett v. Cota, 761 F.2d 827 (1st Cir. 1985).

In the present case, the plaintiffs' statements concerning the high levels of absenteeism by Chief Carter, the mis-management of the MBTA Police Department and safety issues concerning the MBTA Dudley station, were not internal grievances or based on personal animosity. See Meaney v. Dever, 326 F.3d 283 (1st Cir. 2003); but see Wagner v. City of Holyoke, 241 F.Supp. 2d 78 (D.Mass. 2003) (plaintiff who personally dislikes or bears a grudge against a particular individual does not necessarily lose his right to make statements regarding that individual that raise matters of public concern, even if his motive in making the statements derives partially or completely from

personal animus). The plaintiffs' statements about the management (or lack thereof) of the MBTA police department came at a time when the MBTA police department was under intense scrutiny by the media and public at large due to the spike of violence at train stations, sub-stations and on the vehicles themselves. The plaintiffs' comments were manifestly directed to matters of public concern. Indeed, statements concerning lack of management response to the rise in crime, staffing levels and the Chief's own work history within the department are precisely the type of communications that demand strong First Amendment protection. As the Supreme Court noted, speech on public issues is the "essence of self-government" and "occupies the highest rung of hierarchy of First Amendment values". Connick v. Meyers, 461 U.S. 138, 145 (1983). Clearly, the plaintiffs' statements on these issues should be afforded the same protection under the First Amendment.

### III.   CONCLUSION

Based on the above and previously submitted opposition, the plaintiffs' respectfully request that the Court deny the defendants' motion for judgment on the pleadings as the plaintiffs have stated an actionable claim.

<br>

The Plaintiffs, Ronald Jordan,
Robert MacKay,
By their attorney,


/s/ Douglas I. Louison
Douglas I. Louison   BBO# 545191
MERRICK, LOUISON &
COSTELLO, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305