UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT JORDAN, ROBERT McKAY, and THE MBTA POLICE PATROLMAN'S UNION,<br><br>    Plaintiffs,<br><br>vs.<br><br>JOSEPH C. CARTER, individually and as Chief of the MBTA Police Department, and THE MBTA POLICE DEPARTMENT,<br><br>    Defendants. | Civil Action No. 04-10927-RGS |

**DEFENDANTS' ASSENTED-TO MOTION TO CONTINUE THE TRIAL DATE**

Defendants Joseph C. Carter ("Chief Carter") and the MBTA Police Department (the "Department"), with the assent of the plaintiffs, respectfully request that the Court continue the October 30, 2006 trial date that was set by order of the Court on July 20, 2006. Defendants request that the Court instead order that dispositive motions be due by October 30, 2006, and that a trial, if necessary, be scheduled after resolution of the motions.

Plaintiffs in this case are two officers of the MBTA Police Department who contend that they were disciplined for comments they made on recorded Department telephone lines. Some of those comments were critical of Chief Carter and other senior officers of the Department. Plaintiffs' surviving claims allege that the discipline violated their rights under the First Amendment to the U.S. Constitution, and they assert those claims not only against the Department, but also against Chief Carter in his individual capacity. Chief Carter has asserted, among other defenses, that his actions are shielded by the doctrine of qualified immunity. See generally Behrens v. Pelletier, 516 U.S. 299 (1996); Mitchell v. Forsyth, 472 U.S. 511 (1985).

In ruling on defendants' motion to dismiss, the Court dismissed several claims, but declined to dismiss the claims against Chief Carter individually, a determination that was affirmed on appeal to the First Circuit. Since the remand of the case in December 2005, the parties have conducted discovery; in addition to written discovery, defendants deposed both plaintiffs, and the plaintiffs have deposed Chief Carter and a second witness.

Defendants understand that plaintiffs wish to take three, possibly four, more depositions. One of these has been scheduled for August 10, 2006; the remainder are likely to take place in late August or September, 2006 because of vacation schedules and similar issues.

Defendants respectfully request an opportunity to pursue a motion for summary judgment at the conclusion of discovery. Defendants so request not only because of the usual possibility that summary judgment may avoid the expense to the parties, and the consumption of judicial resources, that a trial would require, but because summary judgment is a peculiarly important stage in a case involving a qualified immunity defense. The doctrine provides immunity not only from liability, but also an immunity from suit – from the obligation to defend one's conduct at trial. "The qualified immunity defense exists not only to shield officials from liability for damages, but also to protect them from the general costs of subjecting officials to the risk of trial." Mihos v. Swift, 358 F.3d 91, 98 n.3 (1st Cir. 2004 (quoting Guzman-Rivera v. Rivera-Cruz, 98 F.3d 664, 666 (1st Cir. 1996)). See also Saucier v. Katz, 533 U.S. 194, 200 (2001) ("Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive.").

The newly-scheduled trial date, although not expressly forbidding a motion for summary judgment, requires the parties to commence trial less than ninety days from now. Several of plaintiff's depositions are still outstanding. Summary judgment proceedings themselves take some time, including at least the fourteen days that the Local Rules permit for opposition, time for possible oral argument, and time for the Court's consideration of the motion. Ideally, and consistent with the purpose of the qualified immunity doctrine to permit avoidance of the "costs

and expenses of trial," the parties should have a decision on summary judgment far enough in advance of the trial date that the cost of trial preparation need not be incurred until after the summary judgment motion has been resolved.

    Defendants accordingly request that the Court continue the trial, set October 30, 2006 instead as a deadline for the parties to submit dispositive motions, and set a schedule for trial if necessary after the dispositive motions are resolved. Plaintiffs' counsel confirmed by email to the undersigned on August 8, 2006 that plaintiffs assent to the requested postponement.

                                Respectfully submitted,

                                JOSEPH C. CARTER
                                MBTA POLICE DEPARTMENT

                                By their attorneys,

                                /s/Mark W. Batten
                                Mark W. Batten, BBO #566211
                                PROSKAUER ROSE LLP
                                One International Place
                                Boston, MA 02110
                                (617) 526-9850

Dated: August 8, 2006

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by first-class mail, postage prepaid, this 8th day of August, 2006.

                                /s/ Mark W. Batten
                                Mark W. Batten